IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN D. CHAPLIN, *et al.*, | * | |
| Plaintiffs, | * | Case No. |
| v. | * | |
| BANK OF AMERICA CORPORATION., *et al.* | * | Removed from the Circuit Court For Prince George's County, Maryland Case No. CAE13-32066 |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendants Bank of America Corporation ("BAC"), Bank of America, N.A. ("BANA"), Brian Moynihan ("Mr. Moynihan"), and Vanessa Lee ("Ms. Lee"), (collectively, the "Defendants"), by and through their undersigned attorney and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland. This Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

### I.   Background

1. On or about October 23, 2013, Plaintiffs filed this Complaint against Defendants in the Circuit Court for Prince George's County, Maryland, Case No. CAE13-32066 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached collectively as **Exhibit A**.

2. Defendants were served with a copy of the Complaint and Summons on October 28, 2013.

3. The Complaint is based on alleged events related to a parcel of residential property located at 9315 Hobart Street, Springdale, Maryland 20774 (the "Property"). In their Complaint, Plaintiffs assert that Defendants failed to provide them with a modification of their loan pursuant to the Home Affordable Modification Program ("HAMP"). (*See generally* Compl.) Plaintiffs assert the following causes of action: (1) violation of the Maryland Consumer Protection Act ("MCPA"); (2) violations of the Maryland Consumer Debt Collection Act ("MCDCA"); (3) violations of the Maryland Mortgage Fraud Protection Act ("MMFPA"); and (4) declaratory and injunctive relief. *Id.* Plaintiffs seek damages and attorney's fees as well as "a temporary restraining order, preliminary and/or permanent injunctions on any attempts to collect the arrearages Defendants falsely claim they are owed through foreclosure proceedings or other processes . . . ." *See* Compl. "Wherefore" Clause, p. 31.

## II. Removal Procedures

4. 28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

5. Venue is appropriate in this Court, and Defendants seek to remove this case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441(a). The Circuit Court of Howard County, Maryland is located within this District and cases arising in the Circuit Court of Howard County, Maryland are properly assigned to this Court. *See* 28 U.S.C. § 100(1).

6. This removal is filed on behalf of Defendants.

52491368_1

7. Written notice of the filing of this Notice of Removal will be served upon the Plaintiffs through their attorney, Mitchell Rotbert, 1050 Connecticut Avenue, N.W., Washington, D.C. 20036.

8. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed contemporaneously with the Clerk of the Circuit Court for Prince George's County, Maryland and served upon all parties of record. *See* Notice of Filing of Removal, attached as **Exhibit B**.

9. This Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446. Defendants were first served the Complaint and the corresponding summons on October 28, 2013. This Notice of Removal is filed within thirty (30) days of service. The thirty-day period ends on November 27, 2013.

10. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendants of any of the allegations of, or damages sought in, the Complaint.

### III.   Removal Based on Diversity Jurisdiction

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . " 28 U.S.C. § 1332.

12. Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

13. Upon information and belief, Plaintiffs are residents and citizens of the State of Maryland.

14. BAC is a Delaware corporation with its principal place of business in North Carolina. Accordingly, BAC is a citizen of both Delaware and North Carolina. 28 U.S.C. § 1332(c).

15. BANA is a national association with its principle place of business located in Charlotte, North Carolina. *See* **Exhibit C**, Office of the Comptroller of the Currency Website, "List of National Banks and Federal Branches and Agencies active as of 10/31/2013," page 1 of 21, http://www.occ.treas.gov/topics/licensing/national-bank-lists/national-by-name-pdf.pdf, last visited on November 26, 2013. BANA is, therefore, a citizen of North Carolina for the purposes of diversity citizenship. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (holding that, for purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office").

16. Mr. Moynihan is a resident and citizen of the State of North Carolina.

17. Ms. Lee is a resident and citizen of the State of Virginia.

18. Therefore, complete diversity of citizenship exists between the parties.

19. Although a removing defendant has the burden of proving the existence of federal jurisdiction, "if . . . a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). Here, Plaintiffs seek declaratory and injunctive relief preventing Defendants

from foreclosing on the Property. *See* Compl. "Wherefore" Clause, p. 31. "[In] actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). "The amount in controversy can be measured by either party's loss." *Id.* (citing *Government Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). Further, the amount in controversy includes the value of the loan. *See Winnell v. HSBC Mort. Servs.*, 2011 WL 5118805, * 2 (S.D. W. Va. Oct. 28, 2011) (holding that the amount in controversy met the jurisdictional minimum because "[i]f HSBC is unable to enforce the loan, it stands to lose at least the outstanding balance of the loan. The value of the requested injunction, therefore, is the outstanding balance of the loan—$85,359.95.").

20. According to the Maryland Department of Assessments and Taxation, the value of the Property is $206,400. *See* **Exhibit D.** Additionally, the current amount outstanding on the loan is approximately $80,000.00. Therefore, the value of the object in litigation – the loan secured by the Property, and Defendants potential loss, is at least $80,000.00.

21. Moreover, pursuant to Md. Rule 2-305, "[u]nless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000.00 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000.00 shall not specify the amount sought . . . ." Here, because no monetary amount is specified, it is presumed that Plaintiffs are seeking more than $75,000.00.

22. Thus, the amount in controversy exceeds the $75,000.00 jurisdictional requirements, and this Court has subject matter jurisdiction over this matter.

## IV. Conclusion

WHEREFORE, Defendants respectfully request the above-captioned action now pending

in the Circuit Court for Prince George's County, Maryland, be removed to the United States District Court for the District of Maryland, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Date:   November 27, 2013

Respectfully submitted,

_____
Craig R. Haughton (Federal Bar No. 28585)
**McGuireWoods LLP**
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4404
(410) 659-4472 (Fax)
chaughton@mcguirewoods.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2013, copies of the foregoing Notice of Removal was served via first-class mail, postage prepaid, or through the CM/ECF system on the following:

> Mitchell J. Rotbert
> 1050 Connecticut Avenue, N.W. Tenth Floor
> Washington, D.C. 20036
> *Attorney for Plaintiffs*

_____
Craig R. Haughton